ACCEPTED
12-15-00008-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/28/2015 11:57:56 AM
CATHY LUSK
CLERK



**Mark W. Cargill**
ATTORNEY AT LAW

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/28/2015 11:57:56 AM
CATHY S. LUSK
Clerk

Christina L. Cargill
SR. PARALEGAL
SOCIAL SECURITY REPRESENTATIVE
cargill.christina@yahoo.com

Sheridan Wendele
CLIENT SERVICES
wendelesheridanm@yahoo.com

May 27, 2015

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Jeanne Miles #1973954
Woodman State Jail
1210 Coryell City Rd
Gatesville, Tx 76528

RE:     *Jeanne Miles v. The State of Texas*
          *No.:     12-15-00008-CR,  Trial:  28114*

Dear Ms. Miles:

Please be advised that the 12th Court of Appeals District of Texas – Tyler, Texas, has Affirmed the lower court's decision on your case by way of a MANDATE and/or written Opinion that was issued on May 13, 2015, and a copy of which is enclosed for your convenience.  If you desire to file a Pro Se Petition for Discretionary Review - appeal, you must do so **no later than 30 days after the date of the decision, i.e.  June 11, 2015.**

If you have any questions or concerns, please ca correspondence.

Very truly yours,

Cargill & Associates

Mark W. Cargill
MWC/cc
Enclosure
cc:     Court of Appeals – 12th Court of Appeal, Tyler, Texas via

**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  *Jeanne Miles*
Street, Apt. No.; or PO Box No.  *Woodman State Jail*
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

701 N. Elm Street • Palestine, Texas 75801 • Telephone: 903/729-8011 • Fax: 903/729-5112 • Email: cargillaw@earthlink.net

FILE COPY



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

**TWELFTH COURT OF APPEALS**

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

May 13, 2015

Mr. Michael Brian Evans
Assistant District Attorney
Anderson County
500 N. Church Street
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

Mr. Mark W. Cargill
Cargill & Associates
701 N. Elm Street
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:              12-15-00008-CR
          Trial Court Case Number:   28114

**Style:**   Jeanne Miles
             v.
             The State of Texas

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC:   Ms. Janice Staples (DELIVERED VIA E-MAIL)
      Judge Bascom W. Bentley III (DELIVERED VIA E-MAIL)
      Hon. Mary L. Murphy (DELIVERED VIA E-MAIL)

NO. 12-15-00008-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| JEANNE MILES,<br>APPELLANT | § | APPEAL FROM THE 3RD |
| V. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS,<br>APPELLEE | § | ANDERSON COUNTY, TEXAS |

## MEMORANDUM OPINION

Jeannie Miles appeals her sentence following the revocation of her deferred adjudication community supervision. In one issue, Appellant argues that her sentence amounted to cruel and unusual punishment. We affirm.

### BACKGROUND

In 2005, Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded "guilty." The trial court deferred finding Appellant guilty and placed her on deferred adjudication community supervision. In 2011, the terms of Appellant's community supervision were modified, and the length of her community supervision was extended.

On December 3, 2014, the State filed an amended motion to revoke Appellant's community supervision and to proceed to final adjudication alleging that Appellant had violated certain terms of her community supervision. On December 12, 2014, the trial court conducted a hearing on the State's motion. At the hearing, Appellant pleaded "true" to the allegations in the State's motion.

Ultimately, the trial court found that Appellant had violated the terms of her community supervision as alleged in the State's motion. Thereafter, the trial court revoked Appellant's

community supervision, adjudicated her guilty of possession of methamphetamine as charged, and sentenced her to imprisonment for two years. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant argues that the two year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); see also TEX R. APP. P. 33.1; Mays v. State, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which she complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. See Davis v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); see also Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of possession of less than one gram of methamphetamine, the punishment range for which is one hundred eighty days to two years. See TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(b) (West 2010); TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the Solem test has been modified by Texas

2

courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. See, e.g., McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. See id., 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—possession of less than one gram of methamphetamine—is more serious than the combination of offenses committed by the appellant in Rummel, while Appellant's two year sentence is far less severe than the life sentence upheld by the Supreme Court in Rummel. Thus, it is reasonable to conclude that if the sentence in Rummel was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the Solem test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered May 13, 2015.
Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.
(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 13, 2015**

NO. 12-15-00008-CR

**JEANNE MILES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 28114)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.